

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Leslie D. Williams
District Attorney
Washington County
Brenham, Texas

Dear Sir:

Opinion No. 0-7298
Re: Whether or not the Chief
of Police of the city of
Brenham, Texas, is en-
titled to collect the fees
provided under Article 1065,
Code of Criminal Procedure,
and especially under Sec-
tion 5 thereof.

You request an opinion from the Attorney General on the above quoted inquiry based on the following facts set out in your letter of July 15, 1946, to-wit:

"The Sheriff's Department of Washington County is operating under the salary bill and the sheriff and his deputies are paid out of the salary fund of the county. The constable of the county and other peace officers, which includes city marshals and police officers of the city of Brenham, are not under the salary bill and of the county but depend upon the fees of office for their compensation in executing criminal process.

"Under Chapter II, of the Code of Criminal Procedure, costs to be paid by the defendant, Article 1065 provides as follows: 'The following fees shall be allowed the sheriff or other peace officer performing the same services in misdemeanor cases to be taxed against the defendant on conviction.' This Article, under eleven different headings, sets out the various items of costs to be taxed against the defendant upon conviction which shall be paid to the officer performing the service as compensation.

Honorable Leslie D. Williams - Page 2

"The police officers of the city of Brenham often file misdemeanor complaints before the Justice of the Peace of Precinct No. 3, in cases where the Penal Code is violated, performing all services incident to the filing and prosecution of said cases.

"It is my opinion, and I have so informed the Chief of Police of the city of Brenham, that in cases filed by him in Justice Court of Precinct No. 3, of Washington County, Texas, he would be entitled to any and all fees earned under Article 1065, Code of Criminal Procedure. A controversy has arisen under Sec. 5, of said Article, which reads as follows: 'For each commitment or release, $1.00.' A release, as used in this Article, shall authorize the taxation as part of costs in criminal prosecution of fee, for release means release from judgment, placing accused in officer's custody until the fine and costs are paid . . . Ex Parte Griffis, Crim. App., 145 SW (2) 192. In some instances the prisoner, in default of payment of fine is placed in the county jail where he remains for from one hour to sometimes several days before the fine is paid; and the sheriff is claiming the commitment and release fee as a part of his fees of office. Often persons arrested for misdemeanors and felonies by the city officers are placed in the county jail. If the case be a felony, the case is turned over to the sheriff and the local police officers claim no fee in connection therewith but continue to assist the sheriff in felony cases.

"The sheriff does not wish to be held accountable for a fee which he has permitted the police officers to collect.

"It is obvious to me that the Chief of Police of Brenham is a 'peace officer' and is entitled to the fees under Article 1065, but it becomes advisable to get a ruling from your Department in this connection. Therefore, will you please give me an opinion as to whether or not the Chief of Police of the city of Brenham is entitled to collect the fees provided under Article 1065, Code of Criminal Procedure, and

Honorable Leslie D. Williams - Page 3

especially under Section 5, thereof, where the work performed by the fee is actually performed by the Chief of Police for all cases filed by him in the Justice or County Courts of Washington County?"

It is the opinion of this department, and you are so advised that you have quite properly informed the Chief of Police of the city of Brenham that in cases filed by him in the Justice Court of Precinct No. 3, Washington County, Texas, he would be entitled to collect the fee provided under Article 1065, Code of Criminal Procedure, especially under Section 5 thereof, where the work performed for the fee is actually performed by the Chief of Police.

Article 36, of the Code of Criminal Procedure, provides that (among other named persons) "policemen of an incorporated town or city" are peace officers. Article 37, of the same Code, specifies their duties; and Article 346, of the Penal Code of this State, defines an "officer" as being . . . "any peace officer, . . . policemen of any city or town, etc., etc."

Article 1065, Code of Criminal Procedure, provides that the "following fees shall be allowed the sheriff, or other peace officer, performing the same services in misdemeanor cases, to be taxed against the defendant on conviction:
   "Sec. 5: For each commitment or release, $1.00."

Article 1067, of the same code, provides that "constables, marshals, or other peace officers, who execute process and perform services for justices in criminal actions, shall receive the same fees allowed the sheriffs for the same services."

It is evident, therefore, that when any officer (in this instance the Chief of Police) performs the duty required of him by statute, he is entitled to the compensation allowed by law; and conversely, the courts have said that "to entitle an officer to receive fees or commission . . . . he must have performed the service for which compensation has been specified." (34 Tex. Jur., sec. 113, par. 522.)

Honorable Leslie D. Williams - Page 4

This department has frequently held that an officer may not legally charge for more than one commitment in any misdemeanor case, or for more than one release in any misdemeanor case, and that he cannot charge either of these fees unless he actually earns said fees, as required by law. And, further, that if a constable or other officer has a defendant in his custody, and the constable or other officer releases the defendant from the force and effect of a judgment restraining the defendant, then, and in that event, the constable or other officer would be entitled to a $1.00 release fee.

We might add that in a Conference Opinion of this department rendered some years ago, No. 0-2725, it was held that a commitment for which a peace officer is allowed a fee of $1.00 is for executing an order of the court directing that a person be placed in jail, and an officer is not allowed to charge such fee in the absence of such order; that a capias or warrant is not a commitment for which a fee is allowed; that the judgment of a court is not within itself a commitment for which a fee is allowed; and that a release for which a peace officer is allowed a fee of $1.00 is for releasing or discharging a defendant from the force and effect of a judgment restraining him.

Our Conference Opinion No. 0-3058 follows Conference Opinion No. 0-2725, and holds that the constable is entitled to a release fee if he releases the defendant from the force and effect of a judgment restraining him.

We trust that this answers your inquiry and reassures you in the correctness of your own view of the matter.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

John L. Wroe
Assistant

JLW:zd

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN